An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-342

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

　　　v.

RICHARD WILLIAM WILLIAMS,
　　Defendant.

Durham County
Nos. 09CRS000894-97

Appeal by defendant from Judgments entered on or about 26 July 2013 by Judge Michael Morgan in Superior Court, Durham County. Heard in the Court of Appeals 26 August 2014.

> *Attorney General Roy A. Cooper, III by Assistant Attorney General Laura Edwards Parker, for the State.*

> *Appellate Defender Staples Hughes by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

STROUD, Judge.

Richard William Williams ("defendant") appeals from the judgments entered after a Durham County jury found him guilty of three counts of first-degree kidnapping and misdemeanor breaking or entering. Defendant complains that the trial court erred in not defining "terrorizing" in the jury charge. We find no error.

I.　Background

At 11:45 p.m. on 15 January 2009, two masked men, later identified as defendant and defendant's brother, Bobby Matthews, kicked down the back door of Luis Mendoza's Durham apartment. Mendoza and his roommates, Rigoberto Cisneros and Fabio Figueroa, were in the apartment at the time. Defendant hit Mendoza on the head with a gun three times, and Matthews hit Cisneros. Defendant demanded that Mendoza give him money. When Mendoza responded that he had no money, defendant stabbed Mendoza's left arm three times.

At one point, Mendoza picked up his wallet from a closet. One of the assailants then grabbed Mendoza's wallet, took eighty-four dollars from it, and demanded additional money. Defendant and Matthews next led Mendoza and Cisneros into a bedroom where Figueroa was located. Defendant and Matthews then hit Figueroa, and Matthews asked Figueroa for money. After Figueroa responded that he had none, Matthews fired a gun next to Figueroa's ear.

Defendant and Matthews taped the three victims' wrists, legs, and mouths with duct tape. Matthews then stabbed Mendoza's left leg. Cisneros sustained injuries to his head and stomach, and Figueroa sustained a cut on his arm. In response to a phone call, the police arrived and arrested defendant and

Matthews. Mendoza received medical treatment at a hospital that night.

Defendant was indicted for three counts of first-degree kidnapping, among other charges. Defendant pled not guilty. After a trial on 21 April 2011, a jury reported that it was deadlocked on the first-degree kidnapping charges. The trial court declared a mistrial. After a second trial on 27 January 2012, a jury found defendant guilty of all three counts of first-degree kidnapping. On 24 February 2012, however, the trial court found prejudicial juror misconduct, vacated the first-degree kidnapping convictions, and ordered a new trial. After a third trial on 26 July 2013, a jury found defendant guilty of all three counts of first-degree kidnapping, as well as misdemeanor breaking or entering. For the first-degree kidnapping offenses, the trial court sentenced defendant to three consecutive terms of 135 to 171 months' imprisonment. For the breaking or entering offense, the trial court sentenced defendant to a term of 120 days' imprisonment to be served concurrently with the last kidnapping sentence. Defendant gave notice of appeal in open court.

## II. Jury Charge

Defendant complains that the trial court erred in omitting North Carolina Pattern Jury Instruction—Criminal ("N.C.P.I.") 210.20's definition of "terrorizing" from the jury charge. *See* N.C.P.I.—Crim. 210.20. A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct. N.C. Gen. Stat. § 15A-1443(c) (2013).

> It is well established that a defendant who causes or joins in causing the trial court to commit error is not in a position to repudiate his action and assign it as ground for a new trial. Under the doctrine of invited error, a party cannot complain of a charge given at his request, or which is in substance the same as one asked by him.

*State v. Jones*, 213 N.C. App. 59, 67, 711 S.E.2d 791, 796 (2011) (citations and quotation marks omitted). A defendant who invites error thus has waived his right to all appellate review concerning the invited error, including plain error review. *State v. Barber*, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001), *disc. rev. denied*, 355 N.C. 216, 560 S.E.2d 141 (2002).

During the jury charge conference, the State and defendant requested that the trial court give N.C.P.I. 210.20 for the first-degree kidnapping offenses. *See* N.C.P.I.—Crim. 210.20. The State and defendant requested the following language from N.C.P.I. 210.20: "[T]he defendant did this for the purpose of . . . terrorizing that person or any other person. Terrorizing

means more than just putting another in fear; it means putting that person in some high degree of fear—a state of intense fright or apprehension." *See id.* The trial court ruled that it would include the language.

The State and defendant, however, later requested that the trial court give N.C.P.I. 210.25, instead of N.C.P.I. 210.20. *See* N.C.P.I.—Crim. 210.25. N.C.P.I. 210.25 does not include or define the element of "terrorizing." The State and defendant additionally requested that the trial court incorporate certain language from N.C.P.I. 210.20: "[T]he defendant did this for the purpose of . . . terrorizing that person or any other person." *See* N.C.P.I.—Crim. 210.20. The trial court granted both joint requests. Defendant did not request that the trial court add to this instruction any additional language from N.C.P.I. 210.20 regarding a definition of "terrorizing." Consequently, the relevant portion of the jury charge read: "[T]he defendant confined or restrained that person for the purpose of facilitating his or another person's commission of robbery with a firearm and/or a dangerous weapon, and/or terrorizing that person or any other person." The trial court concluded the jury charge conference by asking if either party

had any additional requests. Neither party made any additional requests.

Because defendant requested that the trial court not give the jury instruction which defined "terrorizing," which the trial court had intended to use, but later requested other specific language which did not include the definition of "terrorizing," defendant invited any error in omitting it. *See Jones*, 213 N.C. App. at 67, 711 S.E.2d at 796. Defendant cannot complain of a jury charge given at his request. *See id.*, 711 S.E.2d at 796; N.C. Gen. Stat. § 15A-1443(c).

Defendant cites several cases for the proposition that once a trial court agrees to give a jury instruction, a defendant need not request it again in order to preserve error. *See, e.g.*, *State v. Jaynes*, 353 N.C. 534, 556-57, 549 S.E.2d 179, 196 (2001), *cert. denied*, 535 U.S. 934, 152 L.Ed. 2d 220 (2002); *State v. Keel*, 333 N.C. 52, 56-57, 423 S.E.2d 458, 461 (1992). But all of these cases are inapposite, because defendant superseded his request for N.C.P.I. 210.20 along with its definition of "terrorizing" by later requesting a slightly modified version of N.C.P.I. 210.25 in its stead. Accordingly, we hold that defendant has waived this issue for all appellate review, including plain error review. *See Jones*, 213 N.C. App.

at 67, 711 S.E.2d at 796; *Barber*, 147 N.C. App. at 74, 554 S.E.2d at 416; N.C. Gen. Stat. § 15A-1443(c).

### III. Conclusion

Because defendant has failed to preserve error on this issue, we hold that the trial court did not commit error.

NO ERROR.

Judges MCGEE and BRYANT concur.

Report per 30(e).-